UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH,<br><br>         Plaintiff,<br><br>    v.<br><br>WARDEN, VALLEY STATE PRISON,<br><br>         Defendant. | Case No.: 1:24-cv-00727-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PAY FILING FEE**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Eber G. Ruth is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed June 21, 2024.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, unless payment of such fee is excused through the Court's granting of a plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914.[1] Plaintiff has not paid the $405 filing fee or applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

As discussed in more detail below, Plaintiff has accrued three or more "strikes" under

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule ⁋ 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis.

section 28 U.S.C. § 1915, and his complaint fails to show that he is under imminent danger of serious physical injury. Accordingly, the Court concludes that even if Plaintiff were to apply to proceed *in forma pauperis*, the application would be denied under the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Since an application to proceed *in forma pauperis* would be futile, Plaintiff is ordered to pay the $405 filing fee in full within 30 days from the date of service of this Order.

## I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## II.    DISCUSSION

The Court takes judicial notice[2] of the following prior lawsuits filed by Plaintiff in this Court resulting in countable "strikes" for purposes of 28 U.S.C. § 1915(g): (1) *Ruth v. Dubsky*, No. 1:00-cv-06011-OWW-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 21, 2001); (2) *Ruth v. Yearwood*, No. 2:99-cv-2462-FCD-PAN (E.D. Cal.) (dismissed for failure to state a claim on July 2, 2001) (3) *Ruth v. Terhune*, No. 1:00-cv-07065-AWI-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 8, 2003).  Other judges of this Court have acknowledged that these three prior lawsuits count as strikes. *See, e.g., Gean v. Estate of William*

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

*Hyde Wollaston*,[3] No. 1:12-cv-01190-AWI-SMS (E.D. Cal.) (finding Plaintiff had at least three strikes prior to filing the action; action dismissed); *Ruth v. Warden*, No. 1:21-cv-00040-DAD-EPG (E.D. Cal.) (same); *Ruth v. Bird*, No. 1:23-cv-00529-KJM-CDB (same). Moreover, the Court takes judicial notice of the following actions filed by Plaintiff in the Ninth Circuit Court of Appeals: (1) *Gean v. Estate of William Hyde Wollaston*, No. 13-17144 (9th Cir.) (Plaintiff's application to proceed in forma pauperis denied because appeal was frivolous; dismissed for failure to prosecute because Plaintiff failed to pay filing fee on February 20, 2014); and (2) *Ruth v. United States Judicial System*, No. 20-15230 (9th Cir.) (appeal dismissed as frivolous).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Further, the dismissal of an appeal for failure to pay filing fee after the Ninth Circuit denied the application to proceed *in forma pauperis* because the appeal was frivolous also counts as a strike for purposes of 28 U.S.C. § 1915(g). *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on June 21, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff appears to generally allege that package vendors are not processing his orders (Doc. 1 p. 2), as evidenced by the refund receipts attached to his complaint. (Doc. 1 pp. 6-7). Plaintiff suggests that members of Union Supply Group are biased against him by not processing his order and engaging in "roguishness[.]" *Id*. at 2.

Plaintiff's allegations do not involve imminent danger of *serious physical injury*. *See, e.g., Harris v. Torres*, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020) (plaintiff's allegations regarding confiscation of property do not meet the imminent danger

---

[3] Plaintiff referred to himself as "Ruth Eber Gean/Gene." (12-1190, Doc. 1.).

exception); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation … access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury"); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D. Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)").

### III.    CONCLUSION AND ORDER

In sum, Plaintiff is precluded from proceeding *in forma pauperis* in this action because at the time he filed his complaint, he already had accrued three strikes under § 1915(g). In addition, Plaintiff's allegations demonstrate that he is not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1052-53.

Accordingly, within 30 days of entry of this order, Plaintiff is ordered to show cause why the action should not be dismissed for his failure to pay the $405.00 filing fee.  In the alternative, Plaintiff may comply with this order by paying the filing fee in full by that same deadline.

**Plaintiff's failure to comply with this Order will result in a recommendation for dismissal of the action without further notice.**

IT IS SO ORDERED.

Dated:   **June 28, 2024**

UNITED STATES MAGISTRATE JUDGE