UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH,<br><br>           Plaintiff,<br><br>    v.<br><br>WARDEN, VALLEY STATE PRISON,<br><br>           Defendant. | Case No.: 1:24-cv-00727-KES-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO PAY FILING FEE**<br><br>(Docs. 5, 6)<br><br>**14-DAY OBJECTION PERIOD** |

      Plaintiff Eber G. Ruth is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed June 21, 2024.

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, unless payment of such fee is excused through the Court's granting of a plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914.[1]  Plaintiff has not paid the $405 filing fee or applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule ¶ 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis.

As discussed in more detail below, Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915, and his complaint fails to show that he is under imminent danger of serious physical injury. Accordingly, the Court concludes that even if Plaintiff were to apply to proceed *in forma pauperis*, the application would be denied under the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

Since an application to proceed *in forma pauperis* would be futile, on June 28, 2024, the undersigned issued an Order to Show Cause directing Plaintiff to respond in writing why the action should not be dismissed for his failure to pay the $405.00 filing fee. (Doc. 5). In the alternative, Plaintiff was advised he could comply with the order by paying the filing fee in full by that same deadline. *Id.*

On July 9, 2024, Plaintiff filed a response to the show cause order. (Doc. 6). In the response, Plaintiff explained it would be "impossible" for him to pay the filing fee (*id*. at 2) and he otherwise did not seriously challenge the undersigned's conclusion that Plaintiff is ineligible to proceed *in forma pauperis* because of his prior strikes. To date, Plaintiff has failed to comply with the Court's order to show cause (*e.g.*, by failing to pay the filing fee).

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

///

**II.     DISCUSSION**

The Court takes judicial notice[2] of the following prior lawsuits filed by Plaintiff in this Court resulting in countable "strikes" for purposes of 28 U.S.C. § 1915(g): (1) *Ruth v. Dubsky*, No. 1:00-cv-06011-OWW-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 21, 2001); (2) *Ruth v. Yearwood*, No. 2:99-cv-2462-FCD-PAN (E.D. Cal.) (dismissed for failure to state a claim on July 2, 2001) (3) *Ruth v. Terhune*, No. 1:00-cv-07065-AWI-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 8, 2003). Other judges of this Court (including the undersigned) have acknowledged that these three prior lawsuits count as strikes. *See, e.g., Gean v. Estate of William Hyde Wollaston*,[3] No. 1:12-cv-01190-AWI-SMS (E.D. Cal.) (finding Plaintiff had at least three strikes prior to filing the action; action dismissed); *Ruth v. Warden*, No. 1:21-cv-00040-DAD-EPG (E.D. Cal.) (same); *Ruth v. Bird*, No. 1:23-cv-00529-KJM-CDB (same). Moreover, the Court takes judicial notice of the following actions filed by Plaintiff in the Ninth Circuit Court of Appeals: (1) *Gean v. Estate of William Hyde Wollaston*, No. 13-17144 (9th Cir.) (Plaintiff's application to proceed in forma pauperis denied because appeal was frivolous; dismissed for failure to prosecute because Plaintiff failed to pay filing fee on February 20, 2014); and (2) *Ruth v. United States Judicial System*, No. 20-15230 (9th Cir.) (appeal dismissed as frivolous).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Further, the dismissal of an appeal for failure to pay filing fee after the Ninth Circuit denied the application to proceed *in forma pauperis* because the appeal was frivolous also counts as a strike for purposes of 28 U.S.C. § 1915(g). *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on June 21, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Plaintiff referred to himself as "Ruth Eber Gean/Gene." (No. 1:12-cv-01190-AWI-SMS, Doc. 1.).

3

1  complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*,
2  493 F.3d 1047, 1052-53 (9th Cir. 2007).

3        The Court has reviewed the complaint in this action and finds that Plaintiff's allegations
4  do not meet the imminent danger exception.  Plaintiff appears to generally allege that package
5  vendors are not processing his orders (Doc. 1 p. 2), as evidenced by the refund receipts attached
6  to his complaint.  (Doc. 1 pp. 6-7).  Plaintiff suggests that members of Union Supply Group are
7  biased against him by not processing his order and engaging in "roguishness[.]" *Id*. at 2.

8        Plaintiff's allegations do not involve imminent danger of *serious physical injury*. *See, e.g.,*
9  *Harris v. Torres*, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020)
10 (plaintiff's allegations regarding confiscation of property do not meet the imminent danger
11 exception); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1
12 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to
13 demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this
14 action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal.
15 Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with
16 obtaining copies of legal documents he prepared for other inmates and his access to the law
17 library as well as acts of harassment and retaliation … access to the courts, even if based on
18 unconstitutional retaliatory motive, does not equate to imminent danger of serious physical
19 injury"); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D.
20 Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal
21 conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)").

22 **III.   ORDER AND RECOMMENDATION**

23      In sum, Plaintiff is precluded from proceeding *in forma pauperis* in this action because at
24 the time he filed his complaint, he already had accrued three strikes under § 1915(g). In addition,
25 Plaintiff's allegations demonstrate that he is not under imminent danger of serious physical
26 injury. *Andrews*, 493 F.3d at 1052-53.

27      Moreover, Plaintiff's response to the undersigned's order to show cause does not remedy
28 his deficiencies as he still has failed to pay the filing fee and has not refuted the undersigned's

conclusion that Plaintiff is ineligible to proceed *in forma pauperis*. Plaintiff previously was warned that his failure to comply with the Court's order to show cause "**will result in a recommendation for dismissal of the action without further notice**." (Doc. 5 at 4) (emphasis in original).

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that Plaintiff's action be dismissed without prejudice for Plaintiff's failure to pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 19, 2024**

UNITED STATES MAGISTRATE JUDGE